UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN R. MOON,

        Plaintiff,

    v.

JOHN D'AGOSTINI,

        Defendant.

No. 2:17-cv-0577 CKD P

ORDER

I.  Introduction

      Plaintiff is a county jail inmate proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to Magistrate Judge jurisdiction to conduct all proceedings in this action.  (ECF No. 4.)

      Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

II.  Screening Standard

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

2       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

6  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

7  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8  Cir. 1989); Franklin, 745 F.2d at 1227.

9       In order to avoid dismissal for failure to state a claim a complaint must contain more than

10  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

11  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

12  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

14  upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A

15  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

16  the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

17  at 678. When considering whether a complaint states a claim upon which relief can be granted,

18  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

19  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

20  U.S. 232, 236 (1974).

21  III. Discussion

22       Plaintiff alleges that in October 2015, he was employed as a kitchen worker in the

23  Placerville County Jail. The floor was greasy and the other workers were engaging in horseplay,

24  causing unsafe conditions. Plaintiff was struck in the back by full boxes of oranges, causing

25  serious injury to his back, neck, and shoulders. Plaintiff seeks damages to cover his medical

26  expenses. (ECF No. 1.) However, at most, plaintiff has stated a claim for negligence, which is

27  not actionable under § 1983. Thus the complaint will be dismissed.

28

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06. Here, as it appears amendment would be futile, the complaint will be dismissed without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. The complaint is dismissed with prejudice for failure to state a claim;

3. Plaintiff's motion for extension of time (ECF No. 5) is denied as moot; and

4. The Clerk of Court is directed to close this case.

Dated: April 18, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ moon0577.14.new

3